PICINI v. VITELLI et al.

(Supreme Court, Appellate Term, First Department.   May 8, 1913.)

SALES (§ 173*)—EXCUSES FOR DELAY IN DELIVERY.
    Where garlic was sold, to be delivered immediately upon its arrival, the failure of the seller to receive a reply to a letter written the buyers, informing them that it had been received, and asking when they would like delivery, did not excuse a nondelivery.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 431–433; Dec. Dig. § 173.*]

Appeal from Municipal Court, Borough of Manhattan, First District.
    Action by Gaetano Picini against Luigi Vitelli and another, copartners doing business as L. Vitelli & Son.   From a judgment for defendants, plaintiff appeals.   Reversed, and new trial ordered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Palmieri & Wechsler, of New York City, for appellant.

Francis S. McAvoy, of New York City (George W. Simpson, of New York City, of counsel), for respondents.

GERARD, J. Plaintiff brought this action to recover $150 damages for the breach of a contract of sale. This contract was in writing, and was as follows:

"Sold Mr. G. Picini 400,000 pounds Venetian garlic at the price of four cents a pound.                      L. Vitelli & Son,
                                                   "A. Carbora."

The sale was made on behalf of defendants by A. Carbora, who testified that the garlic would be delivered when it arrived. There was evidence in the case on the part of defendants themselves that the garlic arrived. The salesman of defendants, who made the sale, admitted that he was told by plaintiff that, when the goods came in, they were to be delivered to Mott street for A. Gestin, and this salesman stated that he reported this conversation to his firm.

The only excuse presented for the nondelivery of the garlic by defendants seems to be a letter written to plaintiff by defendants as follows:

"We beg to advise you that we have received the shipment of 400 hampers garlic, which you bought from us some time ago at four cents per pound. Kindly let us know *when* you would like to take delivery of them and oblige."

Vincent Vitelli testified to writing and mailing this letter personally, although the personal mailing of letters by him seems to have not been within his usual business routine, and it is claimed, because no answer was received from plaintiff to this letter, that delivery or tender to him of the garlic was excused. This letter did not ask for the place of delivery, but merely for the time of delivery, which had already been agreed upon by the parties, namely, immediately after the arrival of the goods. Under these circumstances, the judgment in favor of defendants was not justified. The market price and the failure to deliver were not in dispute.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.